PUERTO RICO PARKING CORPORATION, demandante y recu-
rrente, *v.* HÉCTOR L. SCHMIDT, en su carácter de DIRECTOR
DE LA ADMINISTRACIÓN DE SERVICIOS AL CONSUMIDOR,
demandado y recurrido.

*Número:* O-71-171    *Resuelto:* 26 de noviembre de 1974

*Jaime Santos Mirabal,* abogado de la recurrente; *Pedro J.
Torres Acevedo, Mercedes Dolz Pérez, Wilfredo López Iri-
zarry, José M. González González, Henry Schmer, Juan M.
Láncara Reyes, Ramiro Agosto Carrasquillo* y *Adolfo J. Vila,*
abogados del recurrido.

PER CURIAM: La controversia en este caso se contrae bási-
camente a resolver si la antigua Administración de Servicios
al Consumidor ("ASERCO") tenía facultades para efectuar

adjudicaciones de daños como parte de su poder para reglamentar el negocio de estacionamiento de vehículos de motor.

ASERCO recibió en este caso una querella en que el dueño de un automóvil afirmaba que estacionó el mismo en un local perteneciente a la corporación recurrente, donde alegadamente recibió abolladuras. ASERCO celebró la correspondiente vista y a la luz de la evidencia presentada por las partes le ordenó a la recurrente pagarle al perjudicado el costo de las reparaciones al vehículo, ascendente a setenta y cinco dólares. La recurrente solicitó del Tribunal Superior que revisase la determinación administrativa, mas éste procedió a confirmarla.

Según los términos de la Ley Núm. 107 de 27 de junio de 1964, hoy sustituida por la Ley Núm. 120 de 7 de junio de 1973, 23 L.P.R.A. sec. 805 y ss., el Administrador de Estabilización Económica, hoy el Secretario de Asuntos del Consumidor, tenía amplia facultad para ordenar el resarcimiento de los daños y perjuicios que pudiesen sufrir las personas en circunstancias como las presentes. Véase la Exposición de Motivos de la Ley Núm. 107 de 27 de junio de 1964 y, específicamente, las disposiciones siguientes de su Sec. 2:

"El ámbito de las facultades que por la presente se confieren se entenderá que cubre, pero sin que ello constituya una limitación, la fijación de tarifas, la expedición, suspensión y cancelación de licencias, la exigencia de normas mínimas de seguridad y conveniencia personal para los clientes, visitantes, y empleados, y la prestación de las debidas garantías, mediante seguro o en cualquier otra forma adecuada, para el resarcimiento de los daños y perjuicios que puedan sufrir las personas que concurran a tales negocios de estacionamiento público de vehículos de motor, incluyendo los daños sufridos por sus vehículos . . . ."

La sección citada contiene a renglón seguido una segunda oración, que lee así:

"Nada de lo aquí dispuesto se entenderá en el sentido de dar facultad al Administrador de Estabilización Económica para imponer, por reglamento o en cualquier otra forma, una responsabilidad civil en daños y perjuicios a los operadores de solares

y locales dedicados al estacionamiento público de vehículos de motor, en adición a, o en exceso de la responsabilidad que a tales efectos les impongan las leyes de Puerto Rico."

◼ Esta oración no era parte del anteproyecto original (el P. del S. 606) y el historial legislativo no expone la razón de su inserción. *Diario de Sesiones*, Asamblea Legislativa de Puerto Rico, vol. 3, pág. 1534, En *Flores* v. *Meyers Bros. of P.R., Inc.*, 101 D.P.R. 689 (1973), se expresa, no obstante, lo que es el claro significado de la adición transcrita, derivable de su propio texto. Su propósito fue evidentemente evitar que se recobrase dos veces por los mismos hechos o en exceso de lo dispuesto por ley. Lo que se hizo fue privar al Administrador de Estabilización Económica de facultad para imponer daños cuando ya se hubiese concedido resarcimiento por un tribunal.

El poder de la Asamblea Legislativa para delegarle al proceso administrativo el poder de tomar acción correctiva en protección de los consumidores de bienes y servicios en situaciones como la presente se ha reconocido por este Tribunal. *Hernández Denton* v. *Quiñones Desdier*, 102 D.P.R. 218 (1974).

◼ Una buena reforma judicial requiere de hecho que se retiren del ámbito judicial diversos asuntos que por su naturaleza son susceptibles de tratamiento administrativo inicial o de solución por otros procedimientos más informales de decisión. Consejo sobre la Reforma de la Justicia en Puerto Rico, *Informe de la Comisión para el Estudio de los Tribunales*, 21 de enero de 1974, pág. 252.

◼ La Ley Núm. 120 de 1973, 23 L.P.R.A. sec. 805 y ss., encarna este principio en modo aún más eficaz que la Ley Núm. 107 de 27 de junio de 1964, ya que actualmente el Secretario de Asuntos del Consumidor tiene jurisdicción primaria para resolver cualquier reclamación que tenga un usuario en contra del operador de un área de estacionamiento pública cuando ésta surja de daños o perjuicios sufridos por un vehículo.

Por los fundamentos expuestos *se confirmará la sentencia del tribunal de instancia.*

Los Jueces Asociados, Señores Angel M. Martín y Armindo Cadilla Ginorio, no intervinieron.