EDGAR MERCED CARRASQUILLO, demandante y recurrido, *v.* ADMINISTRACIÓN DE PARQUES Y RECREO PÚBLICOS, demandada y recurrente.

*Número:* R-72-326        *Resuelto:* 19 de marzo de 1975

*Myriam Naveira de Rodón, Procuradora General, Peter Ortiz* y *Carmen Celinda Ríos, Procuradores Generales Auxiliares,* abogados de la recurrente; *José Luis Rodríguez Jiménez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Este caso es una secuela de *Flores* v. *Meyers Bros. of P.R., Inc.,* resuelto en 10 de octubre de 1973, 101 D.P.R. 689. Se

recordará que allí, en vista de la Ley Núm. 107 de 27 de junio de 1964 (23 L.P.R.A. sec. 801 y ss.), la cual autorizó al Administrador de Estabilización Económica a reglamentar los negocios de aparcamiento de vehículos de motor, impusimos responsabilidad civil a los demandados. La letra de la ley así lo hizo necesario. Dicha ley cubría los negocios de la clase antes dicha, esto es, operaciones con ánimo de lucro. Excluía sin embargo, los solares y locales de aparcamiento que no se operan con ánimo de lucro, sino como facilidades accesorias a los parroquianos de algún negocio o empresa. Sobre el particular nos extendimos en *Flores* v. *Meyers Bros. of P.R., Inc.,* supra. Véase también *Hernández Denton* v. *Quiñones Desdier,* 102 D.P.R. 218 (1974) y *P.R. Parking Corp.* v. *ASERCO,* 103 D.P.R. 65 (1974).

La ley vigente sobre esta materia es la Núm. 120 de 7 de junio de 1973, 23 L.P.R.A. sec. 805 y ss., la cual derogó la antes citada Ley Núm. 107, pero como los hechos de este caso ocurrieron durante la vigencia de la Ley Núm. 107, esta es la que gobierna la situación y a sus términos debemos remitirnos.

El 5 de abril de 1970, como a las 10:00 de la mañana, el demandante estacionó su automóvil en el área destinada para aparcamiento de vehículos de motor en el Balneario de Luquillo. Pagó los 25 centavos requeridos para la entrada de automóviles al Balneario y se le entregó un boleto. Alrededor de las tres de la tarde, cuando regresó a buscar su vehículo éste había desaparecido. Informó lo ocurrido al encargado del estacionamiento del Balneario, quien se comunicó con la Policía. Al poco tiempo el automóvil apareció, pero totalmente desmantelado.

El Sr. Merced Carrasquillo incoó demanda contra la Administración de Parques y Recreo Públicos. La ilustrada Sala sentenciadora responsabilizó a la Administración. Entendió que aquella fue negligente al no tomar "las medidas más usuales y elementales que se siguen en áreas de estacionamiento mediante paga . . . ." Condenó a la demandada al pago de

$2,200.00 por los daños materiales sufridos, $200 por los daños morales y $200.00 para honorarios de abogado.

La Administración de Parques y Recreo Públicos solicitó la revisión de dicha sentencia aduciendo la comisión de varios errores los cuales pueden resumirse así: (1) Erró el tribunal al convertir a la recurrente en un asegurador absoluto de la seguridad de los vehículos que se estacionan en sus facilidades públicas; (2) Erró el tribunal al imponer responsabilidad en un caso en que no se probó la negligencia de la demandada; y (3) Erró el tribunal al equiparar las obligaciones de una agencia pública a aquellas que tiene una empresa comercial con fines de lucro. Acordamos revisar.

■ Los negocios de aparcamiento, estaban reglamentados por la citada Ley Núm. 107 y por su Reglamento. 23 R.&R.P.R. sec. 801 y ss. En su Sec. 801–6 el Reglamento disponía que el operador de un negocio de aparcamiento de vehículos de motor respondería del hurto o robo del vehículo o de sus accesorios y de los daños que sufriese, y exigía al operador mantener un seguro para responder de esos daños. Sin embargo, como dijimos antes, la ley no cubría a los solares o locales de aparcamiento "operados sin ánimo directo de lucro." Como definición adicional de esos solares disponía la Ley Núm. 107 lo siguiente: "los operados principal y esencialmente como un servicio para conveniencia de los clientes, parroquianos, o personas relacionadas con algún negocio o actividad que se lleve a cabo en dicho solar o local o en determinado lugar cercano al mismo." Sec. 4 de la Ley; 23 L.P.R.A. sec. 804.

El área de aparcamiento del Balneario Público de Luquillo existe y se opera como una conveniencia para los usuarios del balneario; no constituye una operación comercial. Lo cobrado allí por la entrada de los vehículos tiene el propósito de sufragar solo parte de los gastos de operación del balneario.[1]

---

[1] En la contestación a un interrogatorio la Directora de la Administración de Parques y Recreo Públicos expresó que el balneario no se operaba con fines de lucro.

■ Esta naturaleza no lucrativa del aparcamiento de dicho Balneario Público lo situaba fuera del ámbito de la Ley Núm. 107. Determinado ésto, procede que consideremos si existe responsabilidad civil bajo otra teoría de derecho.

Como se sabe, para que prospere una demanda de daños y perjuicios es necesario que se pruebe la negligencia, el daño sufrido y la relación causal entre ambas cosas. Para sostener su imputación de negligencia el demandante arguye que la demandada no ofreció custodia y vigilancia en el aparcamiento del balneario. Por el contrario, la prueba estableció que la Administración tomó precauciones diligentes. Mantiene el balneario cercado con una verja de alambre eslabonado, mantiene un vehículo de seguridad patrullando el área durante el tiempo en que el balneario está abierto al público y además la policía mantiene una patrulla que ronda el área de aparcamiento. También lo hacen policías no uniformados y en automóviles no identificados como oficiales.

■ Es cierto que toda entidad a cargo de un área recreativa debe tomar medidas por la seguridad de aquellos que utilizan sus facilidades, *Texidor* v. *Administración de Parques*, 85 D.P.R. 877, 879 (1962), pero no podemos exigir medidas irrazonables ni podemos convertir a los operadores de esas áreas en aseguradores absolutos de los usuarios de las mismas. En el derecho en general, y especialmente en el derecho de daños y perjuicios, es importante contrapesar los intereses en conflicto. En este caso hay dos intereses que reclaman y merecen protección legal; uno es el interés de la seguridad de los usuarios del balneario y de sus propiedades y el otro es el interés, también de los usuarios, de que haya playas públicas y de que éstas tengan lugares de aparcamiento.

■ Como resolvemos, en cuanto a este segundo punto, que no hubo negligencia de parte de la Administración de Parques, no es necesario discutir el aspecto de los daños ni el de la relación causal. *Procede revocar la sentencia recurrida.* (²)

--------
(²) Es justo para con la ilustrada Sala sentenciadora, consignar aquí

---

que a la fecha en que decidió este caso no tenía disponible nuestra decisión de *Flores* v. *Meyers,* supra, pues ésta es de octubre de 1973.