EL PUEBLO DE PUERTO RICO, demandante y apelado, v. ANTHONY J. TURSI, acusado y apelante; EL PUEBLO DE PUERTO RICO, demandante y apelado, v. JOSÉ MANUEL LUGO LUGO, acusado y apelante.

*Números:* M-75-50, M-75-53    *Resueltos:* 2 de septiembre de 1975

*Benjamín Ortiz, Nicolás Marrero Torres* y *Elpidio Arcaya,* abogados de Anthony J. Tursi; *Eugenio Rivera Lozada,* abogado de José Manuel Lugo Lugo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Los acusados de epígrafe nos solicitan directamente les fijemos fianza para permanecer en libertad provisional mientras se perfeccionan sus respectivas apelaciones.

Al presente las apelaciones en casos criminales están siendo atendidas y resueltas por sesiones apelativas del Tribunal Superior de Puerto Rico, constituidas en virtud de la Ley Núm. 11 del 8 de agosto de 1974 aprobada por la Asamblea Legislativa como parte integrante de la Reforma Judicial iniciada en dicho año.

En lo pertinente, dicha ley dispone:

"El Tribunal Superior podrá, por determinación del Juez Presidente, celebrar sesiones apelativas cuando y donde se estime conveniente a los fines de la justicia o, de considerarse preferible, se podrán establecer en el Tribunal Superior por orden del Juez Presidente, una o más secciones de apelaciones en el sitio o sitios, y por la duración necesaria. Cada sesión o sección apelativa del Tribunal Superior se integrará por no menos de tres jueces que el Juez Presidente asignará a esos fines por el tiempo que considere necesario.

Las sesiones o secciones apelativas del Tribunal Superior entenderán: (a) *en apelaciones de casos criminales originadas en el Tribunal Superior;* (b) en recursos de *certiorari* para revisar sentencias del Tribunal Superior en casos originados en el Tribunal de Distrito; y (c) *en todas aquellas otras controversias y asuntos de naturaleza criminal relacionados con la sentencia, ejecución o cumplimiento de las mismas conforme lo determine el*

*Tribunal Supremo mediante reglamentación.* El Tribunal Supremo adoptará las Reglas de Procedimiento y de Administración necesarias para la constitución y funcionamiento de la División de Apelaciones del Tribunal Superior. Ambos tipos de reglas podrán entrar en vigor a la fecha que el Tribunal Supremo determine." (4 L.P.R.A. sec. 61.) (Énfasis suplido.)

Conforme su exposición de motivos, la Ley intenta contribuir ". . . a descongestionar el calendario del Tribunal Supremo en el área criminal, sin perjudicar los derechos de los acusados. . . ." Su diseño flexible autoriza a este Tribunal a reglamentar sus trámites y al señor Juez Presidente—como figura principal constitucional en el área de lo administrativo del Poder Judicial—a convocarla e integrar su composición.

▮ Reconocido el principio de que el derecho de apelación en casos criminales es de índole estatutario, y por ende, susceptible de ser reglamentado y limitado en sus variados aspectos, de fácil percepción resulta que la revisión e intervención ulterior de este foro de los dictámenes de una sesión apelativa, aun cuando de naturaleza discrecional, superan cualquier reparo legal a la misma.

Implementando la disposición de ley antes transcrita, el 20 de septiembre de 1974 se adoptaron las Reglas de Procedimiento y Administración para la constitución y funcionamiento de dichos foros apelativos, las cuales cubren diversos extremos y en lo que atañe a los casos de autos, lo siguiente:

"Regla 4—*Constitución*

*El Juez Presidente mediante orden establecerá las sesiones o secciones apelativas del Tribunal Superior,* fijará sus sedes y duración, designará los Jueces que la compondrán y sus respectivos presidentes *y señalará los asuntos en que entenderán las mismas."*

"Regla 7—*Trámite*

Los asuntos criminales en los que de acuerdo a la ley pueden entender las sesiones o secciones apelativas del Tribunal Superior, se seguirán tramitando en el Tribunal Supremo o Superior, según sea el caso, de la misma forma que hasta el presente, *de*

*acuerdo al Reglamento del Tribunal Supremo y a las Reglas de Procedimiento Criminal vigentes."*

"Regla 8—*Remisión de Asunto*

Cuando llegase ante la consideración del Tribunal Supremo algún asunto que el Juez Presidente hubiese determinado mediante orden, de acuerdo a la Regla 4, que debe ser considerado por la División de Apelaciones, la Secretaría del Tribunal Supremo pasará dicho asunto a la Secretaría de la División de Apelaciones, para su consideración por la sesión o sección apelativa correspondiente.

Cualquier parte que radique en el Tribunal Supremo un asunto que, según el mejor juicio de dicha parte, debe ser considerado por la División de Apelaciones, deberá así hacerlo constar en el correspondiente escrito.

La remisión del asunto a una sesión o sección apelativa será inmediatamente notificada a las partes. Desde ese momento, *toda moción, escrito o documento será radicado en la Secretaría de la División de Apelaciones,* bajo el epígrafe correspondiente."

"Regla 9—*Aplicabilidad de Reglamento del Tribunal Supremo y Reglas de Procedimiento Criminal*

*Los trámites ante una sesión o sección apelativa se regirán por las disposiciones del Reglamento del Tribunal Supremo y por las reglas de Procedimiento Criminal aplicables de la misma manera que si el asunto se estuviese considerando por el Tribunal Supremo, en todo lo que no fuere incompatible con estas Reglas."*

■ Resulta claro que la determinación y procedencia de una fianza de apelación corresponde a la sesión apelativa que esté constituida al momento de radicarse la misma de acuerdo con el texto de la ley y las reglas procesales en vigor.

Irrespectivamente de ser esta interpretación compatible con la fuente estatutaria y reglamentaria antes expuesta, la consideración de una solicitud de fianza es parte esencial e integrante del trámite de una apelación que requiere la ponderación de elementos tales como cuestión sustancial, naturaleza del delito, carácter y antecedentes penales del acusado y protección de la sociedad, *Pérez Aldarondo* v. *Tribunal Superior,* 102 D.P.R. 1 (1974); por lo cual este incidente de

fianza resulta inseparable de los méritos del recurso apelativo. Entender este Tribunal en tales mociones desarticularía los propósitos de las sesiones apelativas del Tribunal Superior, a la par que implicaría una determinación previa de la existencia o inexistencia de los méritos de un recurso de apelación en particular, prejuzgando los méritos de la solicitud y el libre ejercicio de la conciencia judicial de los distinguidos magistrados que componen tales sesiones.

En virtud de lo antes expuesto, *se dictará Sentencia ordenándose al Secretario del Tribunal Supremo que inmediatamente traslade las Mociones que nos ocupan a la Secretaría de la División de Apelaciones para la pronta consideración por el Tribunal Apelativo actualmente constituido en sesión. Igual norma deberá seguir en mociones análogas en casos futuros.*