FÉLIX GUZMÁN RAMOS, demandante y recurrido, *v.* SAN JUAN RACING ASSOCIATION, INC., demandada y recurrente.

*Número:* R-74-388       *Resuelto:* 22 de septiembre de 1975

*Brown, Newsom & Córdova* y *Alberto J. Picó González,* abogados de la recurrente; *Esdras Cruz Dones* y *Olga Cruz Jiménez de Nigaglioni,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

En este caso expedimos una orden para mostrar causa concediendo treinta días al demandante recurrido para que demostrase por qué no se debía revocar la sentencia recurrida.

Luego de algunos incidentes que es innecesario pormenorizar aquí, el recurrido compareció pero no habiéndonos persuadido de lo contrario debemos revocar dicha sentencia.

Se trata de lo siguiente. En 27 de julio de 1966 el demandante fue al hipódromo El Comandante a presenciar las carreras y aparcó allí su automóvil. Pagó 25 centavos por derechos de aparcamiento. Al regresar a buscar el vehículo, éste había sido hurtado. Demandó a la San Juan Racing Association, operadora del hipódromo, y obtuvo sentencia a su favor. Dicha sentencia motivó nuestra orden para mostrar causa.

■ La ilustrada Sala sentenciadora se basó en *Flores* v. *Meyers Bros. of P.R., Inc.*, 101 D.P.R. 689 (1973). Incidió porque el contrato de aparcamiento que la ley y el antes citado caso cubren es el contrato de aparcamiento *per se*, un contrato con fines de lucro y no el aparcamiento necesario, prestado como un servicio a los que frecuentan un espectáculo o actividad principal. Resulta claro que la demandada no se dedica al negocio de operar un área de aparcamiento, sino que mantiene dicha área como un servicio accesorio a su actividad real y principal, la cual es operar un hipódromo. Su área de aparcamiento no es *per se* una operación lucrativa. El hecho de que para mantener dicho parque de estacionamiento y para poder reservarlo para el uso de los que concurren al hipódromo, la demandada cobre la suma nominal de 25 centavos no coloca *ipso facto* dicha operación en una de las operaciones cubiertas por nuestra decisión de *Flores* v. *Meyers Bros. of P.R., Inc.*, supra. Nos remitimos a lo allí expresado al respecto y a lo expresado en *Merced* v. *Adm. de Parques*, 103 D.P.R. 574 (1975).

Como se recordará, en dicho caso de *Merced* dijimos que la ley cubría los negocios de aparcamiento operados con ánimo de lucro pero que están exentos de la misma los solares y locales de aparcamiento "que no se operan con ánimo de lucro, sino como facilidades accesorias de algún negocio o empresa y para uso de los parroquianos de dichos negocios o empresas." Resolvimos en *Merced*, supra, que la naturaleza no lucrativa del aparcamiento allí concernido lo situaba fuera del ámbito de la ley que cubre esta materia. Por igual razón procede hacer igual determinación en este caso. *Se expide el auto solicitado y se revocará la sentencia recurrida.*