PUERTO RICANCARS, INC. (HERTZ), demandante y recurrente, *v.* PLAZA LAS AMÉRICAS, INC., ETC., demandados y recurridos.

*Número:* RE-88-8     *Resuelto:* 5 de mayo de 1988

---

*Rafael Angulo Rivera,* abogado del recurrente; *Carlos A. López Lay,* abogado de la recurrida.

## RESOLUCIÓN

A la solicitud de revisión que presenta la parte demandante recurrente, no ha lugar.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió opinión concurrente.

*(Fdo.)* Bruno Cortés Trigo
*Secretario General*

—O—

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

Aun cuando estamos conformes con la resolución denegatoria del auto de revisión radicado que emite el Tribunal en el presente caso, entendemos procedente plasmar por escrito unas expresiones, producto las mismas de una profunda preocupación judicial sobre la controversia aquí envuelta.

### I

Los hechos son extremadamente sencillos. El Sr. Israel Crespo Díaz le arrendó un automóvil a la corporación Puerto Ricancars (HERTZ). El día 12 de julio de 1986, en horas de la mañana, el señor Crespo Díaz estacionó dicho vehículo de motor en el área número 38 del estacionamiento del centro comercial conocido como Plaza Las Américas. Dicho automóvil fue hurtado del estacionamiento, siendo reportado el hecho a la Policía de Puerto Rico. El mismo no pudo ser recuperado.

Con motivo de lo anteriormente expresado, HERTZ radicó acción de daños y perjuicios contra Plaza Las Américas y su compañía aseguradora ante el Tribunal Superior de Puerto Rico, Sala de San Juan, en reclamación no sólo del valor en el mercado del automóvil hurtado sino de la pérdida de ingresos sufrida por concepto de alquiler como consecuencia del hurto. Alegó en la demanda radicada, en lo pertinente, que los daños reclamados fueron el producto:

> ... de la culpa y/o negligencia de la parte demandada, quienes en la operación del área de estacionamiento crearon un riesgo irrazonable que pudo ser previsible, consistente en ocupar el área de estacionamiento con un número mayor de vehículos de los que permite el lugar, y/o no tener la debida vigilancia preventiva, y/o no tener un sistema de vigilancia adecuado, y/o de carecer de un sistema de seguridad apropiado para proteger la propiedad bajo su custodia.... *Exhibit* A, pág. 2.

El tribunal de instancia, luego de la celebración de la correspondiente vista, declaró sin lugar la demanda radicada. Determinó dicho foro, en síntesis y en lo pertinente, que la prueba desfilada por la parte demandante no demostró la existencia de falta de cuidado por parte de Plaza Las Américas ni que la causa próxima del hurto fuera la negligencia de ésta, por cuanto Plaza "demostró que tiene un sistema razonable de vigilancia". *Exhibit* E, pág. 32. Apoyándose en *Estremera v. Inmobiliaria Rac, Inc.*, 109 D.P.R. 852 (1980), el tribunal de instancia resolvió que la "causa próxima del daño [lo fue] la rampante ola de criminalidad que agobia a Puerto Rico, siendo una de sus modalidades el hurto de automóviles". *Exhibit* E, pág. 33.

Inconforme, la parte demandante acudió en revisión ante este Tribunal. Le imputó al foro de instancia la supuesta comisión de dos errores, a saber:

> 1. Erró el Honorable Tribunal al determinar que a[u]n cuando la parte demandante sufrió un daño al serle hurtado su

automóvil, los demás elementos de la causa de acción no fueron probados decretando la desestimación de la demanda.

2. Erró el Honorable Tribunal al no determinar que de los hechos probados constituyen y/o se puede inferir un acto negligente y como tal la causa próxima del hurto de la propiedad objeto de la causa de acción sujeto a compensación, determinando [*a contrario sensu*] que el grado de vigilancia que presta Plaza Las Américas a su área de estacionamiento cumple con los parámetros de razonabilidad que deben esperarse de un buen padre de familia.

## II

La Ley Núm. 120 de 7 de junio de 1983, según enmendada,[1] establece la responsabilidad de los operadores de áreas de estacionamiento público, las cuales se dividen en dos clases: las de ánimo directo de lucro y las de ánimo indirecto de lucro. Los operarios de la primera categoría actúan como "depositarios" de los automóviles que allí se estacionan y responden civilmente bajo la norma establecida en *Rivera v. San Juan Racing Assoc., Inc.*, 90 D.P.R. 414 (1964).

En cuanto a la segunda clase de estacionamiento público —esto es, los que se caracterizan como de ánimo indirecto de lucro— la presunción de que el "'operario ha actuado como depositario del usuario' no aplica". *Acevedo v. Plaza Las Américas, Inc.*, 109 D.P.R. 311, 315 (1980). En relación con esta segunda clase de estacionamiento, aun cuando a sus usuarios se les reconoce una causa de acción de daños y perjuicios, no existe responsabilidad absoluta por parte de los operadores de dichos estacionamientos. En otras palabras, como correctamente indicara el tribunal de instancia en la sentencia que emitiera, resulta necesario que la parte demandante pruebe la existencia de negligencia bajo la doc-

---

[1] Dicha ley es conocida como la "Ley para Regular el Negocio de [Á]reas para el Estacionamiento Público de Vehículos de Motor", 23 L.P.R.A. sec. 805 y ss.

trina general de responsabilidad civil extracontractual. Véase H.M. Brau Del Toro, *Daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1986, Vol. II, págs. 843, 848–849. En adición, véase *Merced v. Adm. de Parques*, 103 D.P.R. 574 (1975). Sabido es que, al amparo de dicha doctrina general, la parte demandante viene en la obligación de probar, en adición al daño sufrido, la existencia de culpa o negligencia, y la relación causal existente entre ese daño y la culpa y negligencia de la parte demandada. *Valle v. Amer. Inter. Ins. Co.*, 108 D.P.R. 692 (1979).

## III

En el presente caso, el estacionamiento público donde ocurre el hurto del automóvil perteneciente a la parte demandante es uno de "ánimo indirecto de lucro", por lo que no hay duda de que correspondía a dicha parte presentar prueba no sólo del daño sufrido por ella, sino de la existencia de negligencia por parte de Plaza Las Américas, y de la relación causal entre dicho daño y esa negligencia. La parte demandante se limitó a presentar prueba del hecho del hurto del automóvil. Por otro lado, Plaza Las Américas presentó prueba de que tenía en vigor el día en que ocurrió el hurto del automóvil un sistema de seguridad o vigilancia, el cual pormenorizó. El tribunal de instancia, *a la luz de la prueba presentada por la parte demandante*, decretó que el sistema de vigilancia era uno razonable. Dicho foro, en vista de la prueba desfilada, realmente no tenía otra alternativa. Es por ello que estamos conformes con la resolución denegatoria que hoy emite el Tribunal en el presente caso.

Ahora bien —y como hemos expresado en ocasiones anteriores— los jueces de este Tribunal no podemos darnos el lujo de vivir en un edificio sin ventanas, totalmente ajenos a las realidades que nos rodean y a los sucesos que ocurren todos los días en nuestra isla.

A diario leemos noticias e informes a los efectos de que en el estacionamiento de Plaza Las Américas, y otros estacionamientos similares, se cometen un considerable número de delitos contra la propiedad y la persona.

De ello ser así —y no tenemos razón alguna para dudar de las estadísticas de la Policía de Puerto Rico a esos efectos— surge la interrogante de si esas medidas de seguridad que tienen en vigor dichos centros comerciales son o no suficientes y razonables para proteger la vida y propiedad de sus clientes. Después de todo debe recordarse que los mismos gastan en dichos centros grandes cantidades de dinero, lo que a su vez le produce a los operadores, y dueños de establecimientos de dichos centros comerciales, cuantiosas ganancias.

No creemos resulte irrazonable, en su consecuencia, que se le exija a los dueños de los referidos centros comerciales que tomen *las medidas necesarias para garantizar al máximo la vida y propiedad de los clientes que patrocinan los mismos.* En otras palabras, no basta con demostrar que se tienen medidas de seguridad; *las mismas deben ser suficientes y razonables a la luz de la incidencia criminal existente en dichos centros.* Debe mantenerse presente que la "culpa o negligencia es la falta del debido cuidado, que a la vez consiste esencialmente en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias". *Ramos v. Carlo*, 85 D.P.R. 353, 358 (1962).(2)

---

(2) A esos efectos, resulta importante poder contar con estadísticas sobre los delitos más comunes que se cometen en dichos centros comerciales, si existen variaciones en dichas estadísticas dependiendo de la hora del día, del día de la semana o de la época del año, etc. A base de ello, en su momento, los tribunales estaremos en mejor posición para decidir si las medidas de seguridad existentes en dichos centros comerciales son o no suficientes y razonables; esto es, si dichos centros comerciales han incurrido o no en negligencia en relación con los daños y perjuicios sufridos por los usuarios de sus estacionamientos públicos.