Aponte Jiménez, Juez ponente
TEXTO COMPLETO DE LA SENTENCIA
Recurre ante nos la demandante-apelante, Editores de Guías, Inc. solicitando que revisemos la sentencia dictada por el tribunal a quo la cual declaró sin lugar la demanda presentada por dicha parte y le impuso, a la vez, la cantidad de $1,000 por concepto de honorarios de abogado luego de determinar que dicha parte procedió con temeridad.
Un examen del recurso presentado revela las siguientes omisiones: (1) Le falta una cubierta conteniendo el nombre, dirección, teléfono y número de colegiado del abogado de la parte contraria; (2) Al certificar el envío de la copia del recurso presentado no indica la forma que utiliza para notificar; (3) A pesar de que el recurso fue presentado ante este Foro el 31 de julio de 1995, no hay constancia de que se haya cumplido con el trámite apelativo que dispone nuestro Reglamento conducente al perfeccionamiento del recurso conforme lo exigido por la Regla 37(B) de dicho cuerpo de reglas. Los anteriores señalamientos apuntan el incumplimiento con al menos tres disposiciones que regulan el trámite de la práctica apelativa.
*1097 De conformidad con la Regla 35(C) de nuestro Reglamento, aplicable a todos los recursos presentados al Tribunal de Circuito de Apelaciones "[l]a cubierta del alegato tendrá solamente el epígrafe del caso, la identificación de la parte que lo presenta y el nombre, la dirección, el teléfono y el número de colegiado de los abogados de todas las partes."
La Regla 47(A), por su parte, requiere que "la notificación de todo recurso presentado al Tribunal de Circuito de Apelaciones se hará a todas las partes y al Secretario del Tribunal de Primera Instancia. El modo en que se efectúe tal notificación se hará constar en el escrito que se presente al Tribunal de Circuito de Apelaciones."
De otra parte, la Regla 37 de nuestro Reglamento, mecanismo al que puede atribuirse la virtud de constituir la fuerza generadora para mover y agilizar el trámite procesal apelativo, impone la obligación al démandante de preparar y promover la preparación de un apéndice conjunto. Ello no es otra cosa que la forma dispuesta para organizar toda aquella prueba documental en el récord del caso necesaria para que el tribunal apelativo pueda considerar apropiadamente el recurso de apelación conjuntamente con el señalamiento y discusión de los errores apuntados. Sustituye lo que antes se conocía como el legajo en apelación. (Véase, Regla 39(B) del Reglamento de este Foro.) 
Conforme lo dispuesto en la Regla 37 del Reglamento de este Tribunal, supra, compete al apelante, dentro de los diez (10) días siguientes a la presentación del escrito de apelación, notificar a la parte contraria la designación de aquellas porciones del expediente que se propone someter para la consideración del recurso. La parte contraria le corresponde entonces añadir cualesquiera otro documento que considere debe incluirse en el apéndice no incluido por el apelante debiendo así notificarlo a éste dentro de los diez (10) días siguientes de ser notificado con la designación hecha por el apelante.
Uno de los criterios que promovió la aprobación de la nueva Ley de la Judicatura fue la de llevar a cabo reformas funcionales que ayudaran a agilizar el trámite en los asuntos judiciales. La exposición de motivos de la Ley de la Judicatura expresamente señala que la reforma judicial llevada a cabo tiene como objetivo, entre otras metas, "[pjermitir eficiencia en el funcionamiento y operación de los , tribunales, acelerar el trámite de los casos pendientes, disminuir los casos acumulados y la cantidad de tiempo para disponer finalmente de éstos." Ibid. Igual concepto trascendió la intención legislativa y se incorporó en la Regla 2(5) de nuestro Reglamento. 
La Regla 37 supra, que rige el trámite procesal ante este Foro resulta ser un vehículo eficaz para dar cumplimiento al espíritu y filosofía de la Ley. Pasar por alto su falta de cumplimiento derrota sus propósitos. Como guardianes que somos para velar que se ponga en práctica y se cumplan los propósitos tras la reforma judicial, debemos exigir el más riguroso cumplimiento del trámite procesal que contempla nuestro Reglamento como complemento de la Ley. En la medida que el incumplimiento de las disposiciones de nuestro Reglamento dilate el trámite apelativo sin justificación, habremos de ejercer la facultad que tenemos para desestimar un recurso con arreglo a la discreción que nos concede la Regla 31 de nuestro Reglamento cuando el mismo no ha sido proseguido con diligencia. 
En el caso que nós ocupa, los demandantes-apelantes presentaron el recurso de apelación el 31 de julio de 1995. El 30 de agosto del 1995 se venció el término para presentar el apéndice conjunto. De los autos no surge constancia de las diligencias observadas por los apelantes para cumplir la obligación que se le impone para preparar y someter el referido apéndice conjunto. Ello, unido a las otras omisiones señaladas acusa la inobservancia de las disposiciones de nuestro Reglamento en grado tal que resulta suficiente para desestimar y negamos a considerar los méritos del recurso. Matos v. Metropolitan Marble Corp., 104 D.P.R. 12 (1975); Maldonado v. Pichardo, 104 D.P.R. 778 (1975); In re: Reglamento del Tribunal Supremo, 116 D.P.R. 668 (1985).
Por los motivos que anteceden, se desestima el recurso de apelación presentado por los demandantes-apelantes.
Lo acuerda el tribunal y lo certifica la Secretaria General,
*1098 Marfa de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 281
1. "37. Apéndices conjunto en casos de apelaciones civiles

(A)...

(B)...

(C)...

(D)...

(E)Dentro de los diez (10) días siguientes a la presentación del escrito de apelación, la parte apelante notificará a la parte contraria la designación de aquellas porciones del expediente que se propone incluir en el apéndice conjunto.

La parte contraria deberá añadir cualquier documento que considere debe estar incluido en el apéndice conjunto y no incluido por la parte apelante, y deberá notificar a ésta su propia designación de documentos dentro de un plazo no mayor de diez (10) días a partir del recibo de la notificación de la designación original.

La parte apelante vendrá obligada a incluir en el apéndice conjunto las porciones del expediente designadas por la parte contraria.

Si la parte apelante dejase de incluir documentos designados por la parte contraria, ésta podrá presentar un apéndice separado que los incluya, acompañado de una moción que exprese tal situación. En tal caso, el Tribunal podrá imponer las sanciones que estime pertinentes a la parte apelante o a su abogado.

Por el contrario, si la parte apelada requiere la inclusión de documentos que resulta innecesarios al trámite apelativo, la parte apelante podrá recobrar como costas, de resultar victoriosa, el costo de la reproducción."

2. "39. Legajo

(B) El legajo, en los casos de apelación de sentencias en pleitos civiles, consistirá de un apéndice conjunto que habrán de preparar las partes conforme dispone la Regla 37 al que se unirá la exposición de la prueba oral conforme dispone la Regla 40. En todo caso el Tribunal de Circuito de Apelaciones, motu proprio o a solicitud de parte, podrá ordenar la elevación del expediente original."

3. "Regla 2. Interpretación; propósitos

Estas Reglas se interpretarán de modo que garanticen una solución justa, rápida y económica de todo asunto sometido a. la consideración del Tribunal de Circuito de Apelaciones conforme a los propósitos dispuestos en la Exposición de Motivos de la Ley, a saber:

(D~

(2)...

(3)...

(4)...

*1099
(5) Permitir eficiencia en el funcionamiento y operación de los tribunales, acelerar el trámite de los casos pendientes, disminuir los casos acumulados y la cantidad de tiempo para disponer finalmente de éstos."

4. "Regla 31. Desistimiento y desestimación

(A)La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento.

(B)Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) Que el Tribunal de Circuito de Apelaciones carece de jurisdicción.

(2) Que no ha sido perfeccionado de acuerdo con la ley.

(3) Que no se ha presentado o proseguido con diligencia o de buena fe.

(4) Que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o ha sido interpuesto para demorar los procedimientos.

(C)El Tribunal de Circuito de Apelaciones podrá desestimar a iniciativa propia un recurso por cualesquiera de los motivos consignados en el inciso (B) precedente, sin perjuicio de lo dispuesto en la Regla 53.

(D)Las sentencias que emita el Tribunal bajo esta Regla deberán exponer el motivo en que se funda su expedición."