JORGE LUIS ACEVEDO AMBROSIANI, BLANCA GIERBOLINI y la Soc. LEGAL DE GANANCIALES que entre ellos tienen contraída, demandantes y recurridos, *v.* PLAZA LAS AMÉRICAS, INC., demandada y peticionaria.

*Número:* O-79-506    *Resuelto:* 1ro de febrero de 1980

*López-Lay & Vizcarra*, abogados de la peticionaria; *Ferraiuoli & González Gierbolini*, abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

¿Cuál es el foro adjudicativo apropiado para ventilar una reclamación fundada en el hurto de un automóvil del área de estacionamiento del complejo comercial denominado Plaza Las Américas?

Antes de analizar y formular la contestación a esta interrogante, se impone una síntesis de las alegaciones pertinentes, expuestas en la demanda enmendada. El 20 de abril de 1977 el codemandante recurrido Jorge Luis Acevedo estacionó, cerró y dejó su automóvil en uno de los espacios del lote numerado diez (10) del área de estacionamiento de dicho centro. Al regresar de sus gestiones comerciales se percató del hurto de dicho automóvil. Se reclama $70,000.00, invocándose responsabilidad bajo el supuesto de que dicha área es una de carácter "público", según la Ley para Regular el Negocio de Áreas para el Estacionamiento Público de Vehículos de Motor—Núm. 120 de 7 de junio de 1973, 23 L.P.R.A. sec. 805 *et seq.* En la alternativa se aduce la doctrina general de negligencia basada en que el hurto aconteció en un estacionamiento operado con ánimo de lucro, inadecuadamente vigilado.

La posición de Plaza Las Américas ante nos parte de la

premisa de que por ser su estacionamiento uno gratuito, *no* está regulado por la Ley Núm. 120 antes mencionada, salvo el Art. 5 que exige el mantenimiento de un seguro de responsabilidad pública por lesiones personales y daños a la propiedad. Finalmente argumenta que el caso debe desestimarse y remitirse al foro administrativo, Departamento de Asuntos del Consumidor (DACO), en virtud del mandato consignado en el Art. 8 de la ley sobre jurisdicción primaria y nuestro enfoque jurisprudencial delineado en *P.R. Parking Corp.* v. *ASERCO,* 103 D.P.R. 65 (1974), reiterado en *P.R. Amer. Ins. Co.* v. *P.R. Park. System,* 108 D.P.R. 106 (1978).

No tiene razón. La Ley que nos ocupa ". . . recoge y reglamenta todas las condiciones y probables situaciones que puedan surgir en el negocio de áreas de estacionamiento público que operan en Puerto Rico, al igual que los procedimientos administrativos y judiciales, con previsión para que se reglamenten las exigencias que se imponen para protección de los usuarios de este servicio." *Informe Conjunto rendido por las Comisiones de lo Jurídico Penal y Comercio e Industria a la Cámara de Representantes* (Abril de 1973).

▪ Su ámbito regulador queda inicialmente expuesto mediante la definición de lo que constituye *área de estacionamiento público,* a saber, "cualquier local, solar o área que se utilice por cualquier persona para permitir que en el mismo se estacionen vehículos de motor mediante el pago de alguna cantidad de dinero". Art. 2, 23 L.P.R.A. sec. 806(d). Sin embargo, la amplitud de su cobertura se manifiesta de una lectura del Art. 14:

"Las disposiciones de la presente ley de este título *no* se entenderá que son aplicables a aquellas áreas de estacionamiento público que sean operadas sin ánimo *directo* de lucro, esto es, que sean operadas principal y esencialmente como un servicio para conveniencia de los clientes, parroquianos, o personas relacionadas con algún negocio o actividad que se lleve a cabo en dicha área de estacionamiento. *Sin embargo, todas las áreas de estacionamiento cubiertas por esta sección deberán cumplir con el artículo 5 de esta Ley.*" 23 L.P.R.A. sec. 818. (Bastardillas nuestras.)

El Art. 5, a su vez, exige la prestación de debidas garantías, con el propósito obvio de proteger la efectividad de una adjudicación por daños personales o a la propiedad.

De la interacción de estos preceptos, advertimos que la ley abarca dos tipos de estacionamientos. Los que caen bajo la categoría de "ánimo *directo* de lucro", a saber, operados como negocio principal y único, a los cuales les aplican *todas* sus disposiciones, inclusive la relativa a la jurisdicción primaria de DACO en reclamaciones por daños a la propiedad en cuyas adjudicaciones "se entenderá que el operario ha actuado como depositario del vehículo del usuario". (Art. 8.) En este aspecto cobra vigencia la teoría jurisprudencial que impone responsabilidad al dueño u operador de un área de estacionamiento esbozada en *Rivera v. San Juan Racing Assoc., Inc.* 90 D.P.R. 414 (1964); *Dávila v. International Parking Co.*, 91 D.P.R. 203 (1964).

Y segundo, aquellas áreas de estacionamiento caracterizables como de "ánimo *indirecto* de lucro", esto es, "operadas principal y esencialmente como un servicio para conveniencia de los clientes, parroquianos, o personas relacionadas con algún negocio o actividad que se lleve a cabo en dicha área de estacionamiento". Bajo esta clasificación, notamos que la actividad del área de estacionamiento es una de carácter accesorio, como servicio incidental a la actividad real del negocio principal. Aunque de la operación total se derive indirectamente cierto lucro, *no* representa el negocio principal del operador, sino que se opera esencialmente como un servicio para conveniencia de los parroquianos de otro negocio operado en los alrededores y que constituye el negocio principal del dueño del estacionamiento. En virtud del Art. 14 antes citado, a éstos *solamente* les aplica el Art. 5 obligándolos a obtener y mantener cubiertas de seguros para responder por los daños y perjuicios que sus usuarios pudieran sufrir.

En consecuencia no podemos convenir con la recurrente de que la jurisdicción primaria en el caso de autos

corresponde a DACO y, por ende, no procede la desestimación de la demanda, la cual debe estimarse esgrimida bajo las alegaciones de responsabilidad general. Ahora bien, no existe, como propone la parte demandante-recurrida, una responsabilidad absoluta de los operadores de estacionamientos que caen bajo la categoría "con ánimo *indirecto* de lucro". Es necesario, en su oportunidad, probar la existencia de responsabilidad, pues la presunción de que el "operario ha actuado como depositario del usuario" no aplica. Colegir de la cubierta de seguros tal responsabilidad es hacer extensiva e intercalar disposiciones de ley que el legislador, claramente, no contempló ni hizo.

■ Recapitulando, para que la Ley Núm. 120 de 1973 aplique en toda su extensión y cubierta tiene que tratarse de áreas de estacionamiento con "ánimo *directo* de lucro". Bajo esta categoría, la jurisdicción primaria para ventilar reclamaciones por daños a la propiedad corresponde a DACO y existe una presunción de "contrato de depósito" que favorece al usuario. Ahora bien, si se trata de áreas operadas con "ánimo *indirecto* de lucro", solamente es aplicable el Art. 5 de la ley sobre cubierta de seguros. Quedan expresamente excluidas todas las restantes disposiciones incluyendo la que confiere jurisdicción primaria a DACO. Los demandantes recurridos acudieron correctamente al foro judicial en su reclamación por el hurto del automóvil del centro comercial Plaza Las Américas, y así lo resolvió el tribunal de instancia.

*Se confirmará la resolución recurrida.*

Los Jueces Asociados Señores Dávila y Torres Rigual no intervinieron.