José A. Sepúlveda et al., demandantes y recurridos, *v.* Universidad de Puerto Rico, demandada y peticionaria.

*Número:* O-84-210 *Resuelto:* 7 de junio de 1984

*A. Luis Pérez López,* abogado de la peticionaria; *Alberto L. Márquez,* abogado de los recurridos.

PER CURIAM: A José A. Sepúlveda Vargas, estudiante de la Universidad de Puerto Rico, Recinto Universitario de Mayagüez, alegadamente le fue hurtado su vehículo estacionado en el área de estacionamiento cercana al zoológico de dicho recinto. Demandó a la institución.

La Universidad solicitó sentencia sumaria y el Tribunal Superior, Sala de Mayagüez, la negó bajo el fundamento de que las referidas áreas de estacionamiento "caen bajo la categoría con 'ánimo indirecto de lucro'", según *Acevedo* v. *Plaza Las Américas, Inc.,* 109 D.P.R. 311, 315 (1980). Mediante trámite de mostrar causa, revisamos.

I

Resolvemos que erró el tribunal de instancia. Debe desestimarse la demanda. Los hechos alegados no configuran una causa de acción válida a favor del demandante Sepúlveda.

 No se cuestiona la naturaleza y propósitos de la Universidad de Puerto Rico. Es una corporación pública, de génesis legislativa, encargada de la educación superior en Puerto Rico según la Ley Núm. 1 de 20 de enero de 1966 (18 L.P.R.A. sec. 601 *et seq.*). Como universidad del Estado tiene una "obligación de servicio al Pueblo de Puerto Rico". Económicamente funciona con fondos gubernamentales. Recibe el nueve por ciento (9%) del promedio del monto total de las rentas anuales devengadas según las leyes del Estado Libre Asociado de Puerto Rico e ingresados en el Tesoro de Puerto Rico, Art. 2, Ley Núm. 2 de 20 de enero de 1966 (18 L.P.R.A. sec. 621). Sus estudiantes sólo cubren una ínfima parte del costo pagando una cantidad limitada por concepto de matrícula. La universidad no opera con ánimo directo ni indirecto de lucro. Siempre ha considerado sus áreas de estacionamiento como una facilidad gratuita al estudiante, de carácter privilegiado.

## II

En Puerto Rico, la responsabilidad en áreas de estacionamiento público está regulada por la Ley Núm. 120 de 7 de junio de 1973, según enmendada. En lo pertinente dispone:

> (d) Area de estacionamiento público—significará cualquier local, solar o área que se utilice por cualquier persona para permitir que en el mismo se estacionen vehículos de motor *mediante el pago de alguna cantidad de dinero*. (Énfasis suplido.)
> (e) Operador—significará cualquier persona que opere un *área de estacionamiento público*, bien sea en calidad de dueño, representante del dueño, arrendatario o poseedor. (Énfasis suplido.) 23 L.P.R.A. sec. 806.

En *Acevedo* v. *Plaza Las Américas, Inc.*, supra, pág. 314, resolvimos:

> De la interacción de estos preceptos, advertimos que la ley abarca dos tipos de estacionamientos. Los que caen bajo la categoría de "ánimo *directo* de lucro", a saber, operados como negocio principal y único, a los cuales les aplican *todas* sus

disposiciones, inclusive la relativa a la jurisdicción primaria de DACO en reclamaciones por daños a la propiedad en cuyas adjudicaciones "se entenderá que el operario ha actuado como depositario del vehículo del usuario". (Art. 8.) En este aspecto cobra vigencia la teoría jurisprudencial que impone responsabilidad al dueño u operador de un área de estacionamiento esbozada en *Rivera* v. *San Juan Racing Assoc., Inc.*, 90 D.P.R. 144 (1964); *Dávila* v. *International Parking Co.*, 91 D.P.R. 203 (1964).

Y segundo, aquellas áreas de estacionamiento caracterizables como de "ánimo *indirecto* de lucro", esto es, "operadas principal y esencialmente como un servicio para conveniencia de los clientes, parroquianos, o personas relacionadas con algún negocio o actividad que se lleve a cabo en dicha área de estacionamiento". Bajo esta clasificación, notamos que la actividad del área de estacionamiento es una de carácter accesorio, como servicio incidental a la actividad real del negocio principal. Aunque de la operación total se derive indirectamente cierto lucro, *no* representa el negocio principal del operador, sino que se opera esencialmente como un servicio para conveniencia de los parroquianos. . . .

Bajo ese diseño legislativo y administrativo no podemos incluir las áreas de estacionamiento de la universidad. No es un negocio. *Debe desestimarse la demanda. Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.