EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pedro Juan Rivera Torres<br><br>Recurrido<br><br>v.<br><br>Universidad de Puerto Rico; José R. Ortiz Ubarri y la Sociedad Legal de Gananciales compuesta por él y Kariluz Dávila Díaz; Eliana Valenzuela Andrade y la Sociedad Legal de Gananciales compuesta por ella Y Fulano de Tal; Aseguradora X<br><br>Peticionarios | Certiorari<br><br>2022 TSPR 67<br><br>209 DPR ____ |

Número del Caso: CC-2021-621

Fecha: 27 de mayo de 2022

Abogados de la parte peticionaria:

    Lcdo. Julio Nigaglioni Arrache
    Lcda. Áurea Y. Rivera Alvarado

Abogado de la parte recurrida:

    Lcdo. Héctor J. Pérez Rivera

Materia: Derecho Laboral: Si la Universidad de Puerto Rico es un patrono para fines de una reclamación laboral al amparo de la *Ley contra el Discrimen en el Empleo*, Ley Núm. 100 de 30 de junio de 1959, según enmendada.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Juan Rivera Torres

    Recurrido

        v.

Universidad de Puerto Rico;
José R. Ortiz Ubarri y la
Sociedad Legal de Gananciales
compuesta por él y Kariluz
Dávila Díaz; Eliana Valenzuela
Andrade y la Sociedad Legal de
Gananciales compuesta por ella
Y Fulano de Tal; Aseguradora X

    Peticionarios

CC-2021-0621     *Certiorari*

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 27 de mayo de 2022.

En el presente caso nos corresponde determinar si el principal sistema de educación superior del País -- entiéndase, la Universidad de Puerto Rico -- es una agencia o instrumentalidad del gobierno que opera como un negocio o empresa privada, es decir, es un patrono para fines de una reclamación laboral al amparo de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como *Ley contra el Discrimen en el Empleo, infra*.

Adelantamos que, luego de un ponderado y cuidadoso análisis del expediente ante nuestra consideración, así como de las disposiciones legales y jurisprudenciales aplicables, hemos llegado a la

conclusión de que la Universidad de Puerto Rico no es el tipo de agencia o instrumentalidad que opera como una empresa o negocio privado a la que se refiere la definición de patrono establecida en la aludida disposición legal. Veamos.

I.

El 14 de mayo de 2020 el Sr. Pedro Juan Rivera Torres (en adelante, "señor Rivera Torres") presentó una *Querella* -- por alegadas violaciones a la *Ley contra el Discrimen en el Empleo*, Ley Núm. 100 de 30 de junio de 1959 (en adelante, "Ley Núm. 100-1959"), según enmendada, 29 LPRA sec. 146 *et seq.*; a la *Ley Sobre Despidos Injustificados,* Ley Núm. 80 de 30 de mayo de 1976 (en adelante, "Ley Núm. 80-1976"), 29 LPRA sec. 185a *et seq.*; a la *Ley de Libelo y Calumnia*, 32 LPRA sec. 3141 *et seq.*, y en daños y perjuicios en virtud del Art. 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141 -- en contra de la Universidad de Puerto Rico (en adelante, "UPR") y otros, ello al amparo del procedimiento sumario laboral establecido en la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 de 17 de octubre de 1961 (en adelante, "Ley Núm. 2-1961"), según enmendada, 32 LPRA sec. 3118 *et seq.* A grandes rasgos, el señor Rivera Torres explicó que se había desempeñado como Catedrático Auxiliar en la referida institución universitaria desde agosto de 2017 hasta el 15 de mayo de 2019, fecha en que fue despedido, a su entender, de manera discriminada e injustificada.

Vista la comparecencia del señor Rivera Torres, el 28 de agosto de 2020 la UPR presentó ante el Tribunal de Primera

Instancia una *Moción de desestimación parcial, conversión a procedimiento ordinario y prórroga*. En ésta, en apretada síntesis, la referida institución universitaria solicitó la desestimación parcial de las causas de acción instadas en su contra por presuntas violaciones a la Ley Núm. 100-1959, *supra*, y a la Ley Núm. 80-1976, *supra*.

En específico, la UPR fundamentó su petición en que los referidos estatutos de índole laboral aplicaban -- en lo concerniente al ámbito gubernamental -- solo a aquellas agencias o instrumentalidades del gobierno que operaran como un negocio o empresa privada. En ese contexto, la referida institución universitaria aseguró que no operaba como negocio o empresa privada, mucho menos con ánimo de lucro, por lo que, a su juicio, las mencionadas leyes laborales no le aplicaban a ésta.

Cónsono con ello, la UPR peticionó al foro primario encausar las restantes causas de acción en su contra -- entiéndase, las reclamaciones por difamación, libelo y calumnia y aquellas al amparo del Art. 1802 del Código Civil de 1930, *supra* -- por la vía ordinaria y no bajo el proceso sumario permitido por la Ley Núm. 2-1961, *supra*. Lo anterior, debido a que el procedimiento sumario dispuesto en la referida ley -- y mediante el cual el señor Rivera Torres había presentado su *Querella* -- estaba disponible, únicamente, para aquellas causas de acción que fuesen incoadas al amparo de los aludidos estatutos de índole

laboral que la referida institución universitaria entendía no le aplicaban.

Tras varios incidentes procesales no necesarios aquí pormenorizar, -- entre ellos, una moción para que el foro primario le anotara la rebeldía a la UPR por ésta no contestar la *Querella* instada por el señor Rivera Torres dentro del término de diez (10) días dispuestos en la Ley Núm. 2-1961, *supra* --, el 14 de septiembre de 2020 éste último se opuso a la *Moción de desestimación parcial, conversión a procedimiento ordinario y prórroga* presentada por la UPR. En suma, el señor Rivera Torres adujo que, contrario a lo señalado por la referida institución universitaria, la UPR sí era una instrumentalidad o dependencia del gobierno que operaba como un negocio o empresa privada, por lo que era un patrono para efectos de la Ley Núm. 100-1959, *supra*. En específico, el señor Rivera Torres precisó que la referida institución universitaria generaba sus propios fondos, tenía capacidad para demandar y ser demandada, poseía bienes de forma independiente al Estado y contaba con una administración separada a la del Gobierno Central. En lo relacionado con la aplicación de la Ley Núm. 80-1976, *supra*, a la UPR, éste nada señaló.

Así pues, evaluados los escritos de ambas partes, el 14 de diciembre de 2020 el Tribunal de Primera Instancia notificó una *Resolución* y, en un documento separado, una *Orden* mediante las cuales denegó la solicitud de desestimación y conversión al procedimiento ordinario

presentada por la UPR. Acto seguido, el foro primario, le anotó la rebeldía a la referida institución universitaria.

En desacuerdo con el proceder del Tribunal de Primera Instancia, el 28 de diciembre de 2020 la UPR acudió al Tribunal de Apelaciones mediante recurso de *certiorari*. Allí, la referida institución universitaria, en esencia, solicitó se revocaran las determinaciones a las que llegó el foro primario y, por ende, se desestimaran las causas de acción presentadas en su contra por el señor Rivera Torres al amparo de la Ley Núm. 100-1959, *supra*, y de la Ley Núm. 80-1976, *supra*, y consecuentemente, se le ordenara a éste desistir del procedimiento sumario establecido en la Ley Núm. 2-1961, *supra*.

Oportunamente, el señor Rivera Torres se opuso al recurso presentado por la UPR. En particular, -- y tras señalar que se estaba ante un dictamen interlocutorio de los que la Ley Núm. 2-1961, *supra*, prohibía revisar -- reiteró sus planteamientos anteriores a los efectos de que la referida institución universitaria sí era un patrono para fines de una reclamación laboral al amparo de la Ley Núm. 100-1959, *supra*. Ahora bien, sobre el alcance de la Ley Núm. 80-1976, *supra*, éste nada dijo.

Tras analizar los planteamientos de ambas partes, el 17 de agosto de 2021 el foro apelativo intermedio notificó una *Resolución* mediante la cual denegó la expedición del recurso de *certiorari* presentado por la UPR. En síntesis, el Tribunal de Apelaciones se rehusó a intervenir -- en esa etapa de los

procedimientos -- con los dictámenes interlocutorios recurridos por tratarse de un caso tramitado ante el Tribunal de Primera Instancia mediante el procedimiento sumario dispuesto en la Ley Núm. 2-1961, *supra*.

Así pues, al día siguiente de la determinación emitida por el foro apelativo intermedio, el 18 de agosto de 2021 para ser exactos, -- y devuelto el caso de autos al foro primario -- el señor Rivera Torres solicitó el desistimiento de la causa de acción instada en contra de la referida institución universitaria en virtud de lo dispuesto en la Ley Núm. 80-1976, *supra*. El 20 de agosto de 2021 el Tribunal de Primera Instancia notificó una *Sentencia Parcial* mediante la cual declaró con lugar dicha solicitud de desistimiento.

Entretanto, y por estar aún insatisfecha con el dictamen del Tribunal de Apelaciones, el 16 de septiembre de 2021, la UPR compareció ante nos mediante *Moción en auxilio de jurisdicción* y petición de *certiorari*. En esencia, la referida institución universitaria señaló que el foro apelativo intermedio había errado al negarse a expedir el auto de *certiorari* presentado ante esa instancia judicial y, por ende, al concluir -- implícitamente -- que procedía la causa de acción instada en su contra por el señor Rivera Torres al amparo de la Ley Núm. 100-1959, *supra*, y la tramitación de ésta mediante el procedimiento sumario laboral. La UPR insiste en que la mencionada ley laboral no le es aplicable. En esa dirección, la referida institución universitaria sostiene que el Tribunal de Apelaciones debió:

1) desestimar, en parte, la querella presentada por el señor Rivera Torres; 2) ordenar la conversión de las restantes causas de acción -- entiéndase, las reclamaciones por difamación, libelo y calumnia y aquellas al amparo del Art. 1802 del Código Civil de 1930, *supra* -- al procedimiento ordinario; 3) revocar la anotación de rebeldía en su contra, y 4) concederle un término para presentar la correspondiente alegación responsiva, luego de que el señor Rivera Torres enmendara la querella del caso de autos.

El 20 de septiembre de 2021 este Tribunal notificó una *Resolución* mediante la cual declaró con lugar la *Moción en auxilio de jurisdicción* presentada por la UPR. En virtud de ello, ordenamos la paralización de los procedimientos relacionados al caso de epígrafe ante el foro primario.

Posteriormente, se expidió el auto de *certiorari* presentado por la referida institución universitaria. Dicha *Resolución* fue notificada a todas las partes con interés en el litigio.

Así las cosas, el 18 de enero de 2022 el señor Rivera Torres compareció ante nos. En su escrito, alega que carecemos de jurisdicción para entender en el presente recurso de *certiorari*, toda vez que la UPR presentó el mismo ante este Tribunal transcurrido el término de veinte (20) días que dispone la Ley Núm. 2-1961, *supra*. Además, en cuanto a los méritos de la controversia que nos ocupa, el señor Rivera Torres insiste una vez más en que la UPR es un patrono para fines de la Ley Núm. 100-1959, *supra*, ya que opera como

un negocio privado. En consecuencia, solicita que confirmemos la *Resolución* recurrida.

Trabada así la controversia y con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa aplicable al mismo.

## II.

De entrada, previo a disponer en los méritos del caso que nos ocupa, y por tratarse de un asunto de índole jurisdiccional, debemos reconocer que la parte aquí peticionaria, -- entiéndase la UPR --, ha sido consistente en plantear, **desde su primera comparecencia ante el Tribunal de Primera Instancia**, que procedía la tramitación del presente litigio mediante la vía ordinaria y no bajo el proceso sumario laboral estatuido en la Ley Núm. 2-1961, *supra*. Toda vez que, en efecto, la presente controversia versa sobre un estatuto -- la Ley Núm. 100-1959, *supra* -- que, como más adelante expondremos, no le es extensivo a la UPR, no cabe hablar aquí de los términos expeditos del referido procedimiento sumario laboral.[1] Es la ley, no el trámite ante el foro primario, lo que determina nuestra jurisdicción. En consecuencia, la UPR, al presentar su

---

[1] Sobre el particular, y en lo relacionado a la discreción que tiene el foro primario para determinar si un pleito presentado al amparo de la Ley Núm. 2-1961, *supra*, debe tramitarse como un pleito ordinario, hemos sentenciado que "los tribunales deb[en] hacer ´un justo balance entre los intereses del patrono y los del obrero querellante —a la luz de las circunstancias específicas de las reclamaciones en la querella ...´". *Berríos v. González et al.*, 151 DPR 327, 340 (2000) citando a *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 927 (1996). En virtud de ello, y por las razones que exponemos a lo largo del presente escrito, es forzoso concluir que el foro primario abusó de su discreción al no ordenar la conversión del presente litigio al procedimiento ordinario.

petición de *certiorari* ante este Foro dentro del término que para ello dispone nuestro Reglamento posterior a la determinación del Tribunal de Apelaciones,[2] compareció oportunamente. Aclarado el asunto jurisdiccional, pasamos a exponer el derecho aplicable a la controversia sustantiva ante nuestra consideración.

## III.

### A.

Como es sabido, la Constitución del Estado Libre Asociado de Puerto Rico prohíbe el establecimiento de "discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas" Art. II, Sec. 1, Const. ELA, LPRA, Tomo 1, ed. 2016, pág. 275. Al respecto, la aludida sección, la cual forma parte de nuestra Carta de Derechos, señala, además, que "[t]anto las leyes como el sistema de instrucción pública

---

[2] En específico, la Regla 20 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 20, dispone lo siguiente:

> El recurso de *certiorari* se formalizará mediante la presentación de una solicitud de *certiorari* dentro de los términos y en la forma provista por la ley y este Reglamento. […].
>
> (b) "Certiorari" con términos de cumplimiento estricto u otro establecido por ley
>
> (1) Para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones dictadas en recursos discrecionales, excepto en el *certiorari* de casos originados en la Comisión Estatal de Elecciones, el recurso se formalizará mediante la presentación de la solicitud dentro de un término de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia o resolución de la cual se recurre.

encarnarán estos principios de esencial igualdad humana".
*Íd.*

Cónsono con lo anterior, y consciente de que esta protección constitucional ha de esgrimirse únicamente frente al Estado, la Asamblea Legislativa decidió extenderla al ámbito privado y, en lo aquí pertinente, al contexto laboral. De esta forma, dicho poder de gobierno, entiéndase el legislativo, aprobó la Ley Núm. 100-1959, *supra*, con el fin de "proteger a los empleados[(as)] y aspirantes a empleo contra discrímenes de los patronos […]". Exposición de Motivos de la Ley Núm. 100-1959, Leyes de Puerto Rico 300.

En ese sentido, y para instrumentar tales propósitos, la Ley Núm. 100-1959, *supra*, creó una causa de acción dirigida a todo patrono que discrimine en contra de un empleado por razón de su edad, raza, color, sexo, orientación sexual, identidad de género, origen social o nacional, condición social, afiliación política, ideas políticas o religiosas, ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual o acecho, ser militar, exmilitar, servir o haber servido en las Fuerzas Armadas de los Estados Unidos, o ser veterano. 29 LPRA sec. 146. Con tal causa de acción, como se puede apreciar, la Asamblea Legislativa extendía al ámbito obrero-patronal privado las protecciones en contra del discrimen, según contenida en nuestra Carta Magna.

En esa dirección, es menester señalar aquí que, si bien este Tribunal ha sentenciado que el objetivo principal

del referido estatuto laboral es proteger a los empleados y a las empleadas de la empresa privada de todo tipo de discrimen, nada impide que esa protección también se extienda a los empleados y a las empleadas de las agencias o instrumentalidades del gobierno que operan como negocios o empresas privadas. *Huertas v. Cía. Fomento Recreativo*, 147 DPR 12, 20 (1998); *Cardona v. Depto. Recreación y Deportes*, 129 DPR 557, 570 (1991); *Rodríguez Cruz v. Padilla Ayala*, 125 DPR 486, 509 (1990). Ello así, puesto que el Art. 6(2) de la Ley Núm. 100-1959, 29 LPRA sec. 151(2), establece que, para efectos de dicha disposición legal, el término "patrono" incluye a **"aquellas agencias o instrumentalidades del Gobierno de Puerto Rico que operen como negocios o empresas privadas"**. (Énfasis suplido).

Sin embargo, el referido estatuto no desglosa ni delimita, expresamente, cuáles agencias o instrumentalidades del gobierno, para fines de una reclamación por discrimen, se entienden incluidas o excluidas de su aplicación por operar como un negocio o empresa privada. En búsqueda de esa respuesta y de la intención legislativa conviene, pues, emplear aquí los principios de hermenéutica prevalecientes en nuestro ordenamiento jurídico. Procedemos a así hacerlo.

B.

De entrada, precisa señalar aquí que, cuando una ley es clara y libre de toda ambigüedad, el texto es la expresión por excelencia de la intención legislativa. Art. 14 del Código Civil de 1930, 31 LPRA ant. sec. 5341. Véase, también,

*UPR v. Unión Oficiales UPR*, 206 DPR 140, 153 (2021). No obstante, cuando existe alguna ambigüedad en el texto de la ley, es necesario considerar los propósitos perseguidos por la Asamblea Legislativa al aprobarla y, de esta forma, asegurar que nuestra interpretación adelanta el resultado originalmente deseado. *Zayas Rodríguez y otros v. PRTC*, 195 DPR 720, 733 (2016); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 669 (2014); *Cordero Jiménez v. UPR*, 188 DPR 129, 138-139 (2013).

**Lo anterior, implica necesariamente "examinar el historial legislativo del estatuto, incluso el texto propiamente del proyecto de ley y sus enmiendas a lo largo del trámite legislativo, el Diario de Sesiones, los informes de las comisiones, las ponencias presentadas, entre otros recursos".** *Zayas Rodríguez y otros v. PRTC*, *supra*, págs. 733-734. Ello, pues, los diálogos entre los legisladores -- recopilados en el Diario de Sesiones de cada cámara legislativa -- ofrecen explicaciones y aclaraciones útiles para identificar dicha intención legislativa debido a que, mediante estas conversaciones, se elaboran planteamientos, se contestan interrogantes, se precisan significados y se consideran diversos escenarios de aplicación.[3] J.M. Farinacci

---

[3] Asimismo, y en aras de ejercer nuestra función interpretativa para auscultar la intención de la Asamblea Legislativa respecto a cierto estatuto, estamos llamados a considerar los intentos fallidos de modificar el texto del proyecto previo a su aprobación. Es decir, evaluar aquellas "instancias en las que surge claramente, del mismo historial legislativo, que la razón por la cual el legislador descartó una propuesta de cambio fue su entendimiento de que dicha enmienda era innecesaria, toda vez que el texto, tal cual, ya abarcaba ese asunto o situación". *Farinacci Fernós, op. cit.*, pág. 169.

Fernós, *Hermenéutica puertorriqueña: Cánones de interpretación jurídica*, San Juan, Ed. InterJuris, 2019, pág. 168.

Por último, en cuanto a los estatutos de carácter reparador como la legislación laboral objeto de la presente controversia, hemos expresado reiteradamente que su interpretación debe hacerse liberalmente con el propósito de garantizar la mayor protección de los derechos laborales de las personas trabajadoras. *Zayas Rodríguez y otros v. PRTC*, *supra*, pág. 734; *Cordero Jiménez v. UPR*, *supra*, pág. 139. Véase, además, *Farinacci Fernós*, *op. cit.*, págs. 253-255. Ahora bien, esa "interpretación liberal no puede tener el efecto de descartar la voluntad del legislador cuando se trata de una situación específicamente prevista por este y su intención sobre c[ó]mo resolverla es clara". *Zayas Rodríguez y otros v. PRTC*, *supra*.

## C.

Habiendo realizado el ejercicio antes descrito, debemos destacar que durante el trámite legislativo que dio lugar a la aprobación de la Ley Núm. 100-1959, *supra*, se suscitaron varios debates en torno a la aplicación o no de las disposiciones del referido estatuto a los empleados y a las empleadas del gobierno de Puerto Rico. En particular, surgió cierta discusión sobre la exclusión de la definición de "patrono" a aquellas agencias o instrumentalidades del gobierno que no operaban como un negocio o empresa privada. 12 Diario de Sesiones de la Asamblea Legislativa (Senado),

T. II, pág. 684 (1959). Al respecto, varios senadores solicitaron que se enmendara el texto del proyecto de ley para incluir a todos los empleados gubernamentales, no obstante, dicha enmienda no contó con el aval mayoritario, por lo que fue derrotada.[4] *Íd.*

Por su parte, y en lo aquí relevante, del mencionado historial legislativo surge que el Senador señor Negrón López manifestó que la definición de "patrono" del mencionado estatuto laboral excluía de su aplicación aquellas funciones del gobierno que estaban comprendidas en "algún sistema de pensiones [en] particular, como, por ejemplo, la Judicatura, la Policía, los Maestros, **la Universidad**". (Énfasis suplido). *Íd.*, págs. 685-686. En respuesta, el Senador señor Colón Castaño cuestionó la razón para excluir del referido proyecto de ley al "sistema de educación del gobierno" pues, a juicio de éste, la medida debía extenderse por igual a todos los empleados y las empleadas de la empresa privada y del gobierno. *Íd.*, págs. 686-687.

De un estudio detenido de la discusión antes expuesta, sin lugar a dudas, podemos colegir que la intención de la

---

[4] En específico, de los debates en el Senado de Puerto Rico en torno a la aprobación del Sust. al P. del S. 331, que se convirtió posteriormente en la Ley Núm. 100-1959, *supra*, aquí en controversia, surge que varios senadores debatieron sobre el alcance del aludido estatuto a los empleados del Gobierno de Puerto Rico. Al respecto, el Senador señor Colón Castaño indicó que, en la forma en que estaba redactado el proyecto, se excluían a "las personas y trabajadores de los distintos departamentos del Gobierno Estatal". Diario de Sesiones, *supra*, pág. 684. A la luz de ello, solicitó que se enmendara el aludido proyecto -- aunque dicha enmienda fue derrotada -- para que quedaran incluidos "todos los que trabajan en Puerto Rico, tanto en el Gobierno, como los que trabajan en la empresa privada". *Íd.* Finalmente, la Ley Núm. 100-1959, *supra*, fue aprobada sin ninguna enmienda a esos fines.

Asamblea Legislativa al momento de aprobar la pieza legislativa bajo estudio fue crear una distinción y extender la protección de la Ley Núm. 100-1959, *supra*, únicamente a aquellos empleados públicos cuyo patrono fuese una agencia o instrumentalidad del gobierno que operara como una empresa o negocio privado con ánimo de lucro. *Huertas v. Cía. Fomento Recreativo*, *supra*; *Cardona v. Depto. Recreación y Deportes*, *supra*; *Rodríguez Cruz v. Padilla Ayala*, *supra*. Ese no es el caso de la UPR.

Como cuestión de hecho, tal razonamiento fue acogido por este Tribunal en *Cordero Jiménez v. UPR*, 188 DPR 129, 144 esc. 3 (2013). Allí, -- si bien no se analizaba esta controversia en sus méritos, por tratarse de un caso donde nos correspondía determinar si la Ley Núm. 115-1991, conocida como *Ley de Represalias*, 29 LPRA sec. 194 *et seq.*, aplicaba a los empleados de la UPR -- en la nota al calce número tres (3) del mismo, adelantamos que la referida institución universitaria no era un patrono para fines de la Ley Núm. 100-1959, *supra*, por ésta no ser una agencia o instrumentalidad del gobierno que opera como un negocio privado.[5] *Íd.*

---

[5] En *Cordero Jiménez v. UPR*, *supra*, pág. 144 esc. 3, este Tribunal dispuso que: "[e]n el caso de la aplicación de la Ley Núm. 100 de 30 de junio de 1959 (29 LPRA secs. 146-151) a la Universidad de Puerto Rico, se ha determinado que la Universidad no es un patrono a los fines de esta legislación. *Montalvo-Padilla v. Univ. of Puerto Rico*, 492 F. Supp. 2d 36 (2007). Esto porque no opera como negocio privado". Véase, a modo análogo, lo resuelto en *Montalvo-Padilla v. Univ. of Puerto Rico*, 492 F. Supp. 2d 36 (2007), donde el Tribunal Federal concluyó que "the U.P.R. is not an employer within the meaning provided for that term in Act 100. The U.P.R. […], it does not operate as a for-profit business and, as a public service to the people of Puerto Rico, provides higher education thereto."

Como se sabe, la UPR es una corporación pública creada por ley y constituye la principal institución de educación superior del País. *UPR v. Unión Oficiales UPR*, *supra*, pág. 150; *Cordero Jiménez v. UPR*, *supra*, pág. 146; *U.P.R. v. Asoc. Pur. Profs. Universitarios*, 136 DPR 335, 359 (1994). La referida institución universitaria no opera con ánimo directo o indirecto de lucro.[6] *Sepúlveda v. U.P.R.*, 115 DPR 526, 527 (1984).

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer de las controversias ante nos.

## IV.

Como mencionamos anteriormente, en el presente caso la UPR aduce que no es un patrono para efectos de una reclamación por discrimen al amparo de la Ley Núm. 100-1959, *supra*, ya que -- a su modo de ver -- no ostenta una estructura análoga a la de un negocio o empresa privada. En consecuencia, arguye que procede la desestimación de la causa de acción por virtud de la aludida Ley Núm. 100-1959, *supra*, la cual, según indicamos, se tramitaba mediante el procedimiento sumario laboral provisto por la Ley Núm. 2-1961, *supra*. Por eso,

---

[6] Al respecto, en *Sepúlveda v. U.P.R.*, *supra*, sentenciamos que:

> No se cuestiona la naturaleza y propósitos de la Universidad de Puerto Rico. Es una corporación pública, de génesis legislativa, encargada de la educación superior de Puerto Rico […]. Como universidad del Estado tiene una "obligación de servicio al Pueblo de Puerto Rico". Económicamente funciona con fondos gubernamentales. […] Sus estudiantes sólo cubren una ínfima parte del costo pagando una cantidad limitada por concepto de matrícula. **La universidad no opera con ánimo directo ni indirecto de lucro**. (Énfasis nuestro).

también solicita que se ordene la conversión del presente trámite judicial al procedimiento ordinario. Le asiste la razón.

Y es que, a la luz de la normativa antes expuesta, ha quedado demostrado que la UPR no es el tipo de agencia o instrumentalidad que opera como una empresa o negocio privado, -- es decir, no es el patrono --, para fines de una reclamación laboral al amparo de la Ley Núm. 100-1959, *supra*. Así claramente se desprende del historial legislativo de la referida disposición legal, al que hemos hecho referencia.

Siendo ello así, es forzoso concluir que los foros *a quo* erraron al resolver que la UPR podía ser demandada al amparo de la Ley Núm. 100-1959, *supra*, y, en consecuencia, al permitir la tramitación de dicho pleito mediante el procedimiento sumario laboral dispuesto en la Ley Núm. 2-1961, *supra*, pues dicho vehículo procesal resultaba inaplicable a la referida institución universitaria. Es decir, no cabe hablar aquí del procedimiento sumario laboral establecido en la Ley Núm. 2-1961, *supra*.[7] Se cometieron, pues, los errores señalados por la UPR.

---

[7] Como sabemos, la Ley Núm. 2-1961, *supra*, es un estatuto que provee un mecanismo procesal, de naturaleza sumaria, cuyo propósito es lograr la rápida consideración y adjudicación de las reclamaciones laborales instadas por los obreros y empleados en contra de sus patronos. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 732 (2016). Sobre su alcance, debemos recordar que, desde hace décadas, esta Curia advirtió que "el procedimiento sumario dispuesto en la Ley Núm. 2, *supra*, está previsto para casos de reclamaciones laborales de beneficios o derechos de los empleados del sector privado". *Hipólito Rivera Ortiz v. Municipio de Guaynabo*, 141 DPR 257, 274-275 (1996).

V.

Por los fundamentos antes expuestos, se revoca la determinación del Tribunal de Apelaciones, que denegó la expedición del auto de *certiorari*. En consecuencia, se desestima la causa de acción instada por el señor Rivera Torres en contra de la UPR al amparo de la Ley Núm. 100-1959, *supra*, se revoca la anotación de rebeldía de la UPR, se ordena la conversión de las restantes causas de acción -- entiéndase, las reclamaciones por difamación, libelo y calumnia y aquellas al amparo del Art. 1802 del Código Civil de 1930, *supra* -- al procedimiento ordinario y se devuelve el caso al Tribunal de Primera Instancia para que proceda conforme a lo aquí dispuesto.

Se dictará *Sentencia* de conformidad.


                                        Ángel Colón Pérez
                                        Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro Juan Rivera Torres

    Recurrido

          v.

Universidad de Puerto Rico;
José R. Ortiz Ubarri y la
Sociedad Legal de Gananciales
compuesta por él y Kariluz
Dávila Díaz; Eliana Valenzuela
Andrade y la Sociedad Legal de
Gananciales compuesta por ella
Y Fulano de Tal; Aseguradora X

    Peticionarios

CC-2021-0621     *Certiorari*

SENTENCIA

En San Juan, Puerto Rico a 27 de mayo de 2022.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la determinación del Tribunal de Apelaciones, que denegó la expedición del auto de *certiorari*. En consecuencia, se desestima la causa de acción instada por el Sr. Pedro Juan Rivera Torres en contra de la Universidad de Puerto Rico (UPR) al amparo de la Ley Núm. 100-1959, *supra*, se revoca la anotación de rebeldía de la UPR, se ordena la conversión de las restantes causas de acción -- entiéndase, las reclamaciones por difamación, libelo y calumnia y aquellas al amparo del Art. 1802 del Código Civil de 1930, *supra* -- al procedimiento ordinario y se devuelve el caso al Tribunal de Primera Instancia para que proceda conforme a lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino.

        Javier O. Sepúlveda Rodríguez
        Secretario del Tribunal Supremo